# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MALIK W. AHMAD, BAR NO. 10305.

No. 74994

FILED

JUL 26 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Malik W. Ahmad. Under the agreement, Ahmad admitted to violating RPC 1.4 (communication) and RPC 1.5 (fees) and agreed to a one-year stayed suspension subject to certain conditions.

Ahmad has admitted to the facts and violations as part of his plea agreement. The record therefore establishes that Ahmad violated RPC 1.4 (communication) by failing to inform his clients of the total amount they were awarded in a bankruptcy sanctions matter and RPC 1.5 (fees) by collecting attorney fees without a written agreement authorizing him to do so or demonstrating that he had earned those fees. Ahmad's agreement with the clients in the bankruptcy matter provided that any post-judgment representation would require them to enter into a separate written

SUPREME COURT
OF
NEVADA

(O) 1947A

18-28790

agreement for such services. Yet, Ahmad continued to represent the clients in pursuing post-judgment sanctions without a new agreement. The bankruptcy court entered an order awarding Ahmad's clients attorney fees, costs, and emotional distress damages as sanctions against a creditor for violating a discharge injunction, and imposed a $100 fine for every day payment of the sanction was late. By the time the payment was made, there were $21,000 in late fee fines. Ahmad retained those late fee fines as attorney fees and never informed his clients of the total amount the creditor paid under the order.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The record supports that Ahmad knowingly violated duties he owed to his clients. Ahmad's clients were likely actually injured as Ahmad kept the entire late fee fine as attorney fees despite the lack of a written agreement allowing him to do so or an accounting demonstrating that he earned fees beyond the amount designated as attorney fees in the sanctions order.

The baseline sanction for Ahmad's violations before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.62 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client."); *id.* at Standard 8.2 (providing that "[s]uspension is generally appropriate when a lawyer has

been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that cause injury or potential injury to a client"). There are five aggravating circumstances (prior disciplinary history, dishonest or selfish motive, refusal to acknowledge the wrongful nature of conduct, vulnerability of victim, and substantial experience in the practice of law) and one mitigating circumstance (full and free disclosure to disciplinary authority or cooperative attitude). SCR 102.5.

Considering all four factors, we conclude that the agreed-upon discipline of a one-year stayed suspension is insufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (providing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney). The record demonstrates that Ahmad's misconduct was discovered as a result of an unrelated investigation concerning a mistakenly drafted check from his trust account. The recommended discipline does not address Ahmad's failure to acknowledge the wrongful nature of his conduct and his prior discipline for communication and fee-based rule violations, which raises concerns that Ahmad may engage in the same misconduct again, and if he does, whether either the State Bar or his clients would be aware of his misconduct. Because the suspension is stayed and none of the agreed-upon probationary conditions appear adequate to deter Ahmad from engaging in the same misconduct or assist him with understanding the wrongfulness of his conduct, the agreed-upon discipline does not sufficiently protect the public, the courts, or the legal profession. Accordingly, we reject the conditional

guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further proceedings.

It is so ORDERED.[1]

_____, C.J.
Douglas

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

CHERRY, GIBBONS, and PICKERING, JJ., dissenting:

We believe that the agreed-upon discipline is sufficient to serve the purpose of attorney discipline. Ahmad agreed to participate in binding fee dispute arbitration and agreed that if he failed to pay any award ordered through that process, the stayed suspension would be imposed. It is uncontested that Ahmad was owed some attorney fees and the arbitration

---

[1]This is our final disposition of this matter. Any further proceedings involving Ahmad shall be docketed as a new matter.

process will ensure that any funds he retained in addition to the fees owed to him will be returned to the clients. Thus, the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession, and we respectfully dissent.

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Board
Law Office of Malik W. Ahmad
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada